UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **9REN HOLDINGS S.À.R.L.**,<br><br>Petitioner,<br><br>v.<br><br>**KINGDOM OF SPAIN**,<br><br>Respondent. | Civil Action No. 19-cv-1871 |

**MEMORANDUM OPINION**

Petitioner 9Ren Holdings ("9Ren") moves for summary judgment to confirm its €41.76 million arbitration award, plus interest and costs, against Respondent the Kingdom of Spain ("Spain"). For the reasons below, the court will GRANT 9Ren's motion.

I. BACKGROUND

A. Legal Framework

The Energy Charter Treaty ("ECT") is a multinational treaty that "establishes a legal framework" to "promote long-term cooperation in the energy field, based on complementarities and mutual benefits." ECT art. 2, Dec. 1994, ECF No. 1-3 ("ECT"). The United States, Spain, and Luxembourg are parties to the treaty. *9REN Holding S.À.R.L. v. Kingdom of Spain*, No. 19-cv-01871, 2023 WL 2016933, at *1 (D.D.C. Feb. 15, 2023) ("*9Ren I*").

When disputes between signatories relating to an energy investment arise, "each Contracting Party . . . gives its unconditional consent to the submission of a dispute to international arbitration." ECT art. 26(3)(a). Where "the Contracting Party of the Investor and the Contracting Party . . . to the dispute are both parties to the" Convention on the Settlement of Investment Disputes Between States and Nationals of Other States ("ICSID Convention"), arbitration is

mandatory. *Id.* art. 26(4)(a)(i). The United States, Spain, and Luxembourg are contracting parties to the ICSID Convention. Stmt. of Material Facts ¶ 3, ECF No. 92-2 ("SOF"). 9Ren is a Luxembourgish company. *Id.* ¶ 1.

The ICSID Convention oversees the "conciliation and arbitration of investment disputes between Contracting States and nationals of other Contracting States," Int'l Centre for Settlement of Investment Disputes, ICSID Convention, Regulations, and Rules § 1, art. 1(2), ECF No. 1-2 ("ICSID"), including through adjudication by arbitration tribunals, *id.* § 2. When arbitration is mandated, signatories to the ICSID Convention consent to "arbitration to the exclusion of any other remedy," *id.* art. 26, and agree that an "award shall be binding on the parties and shall not be subject to any appeal or to any other remedy except those provided for in th[e] Convention," *id.* art. 53(1). Parties to the Convention "may enforce" an ICSID arbitration award "in or through federal courts and may provide that such courts shall treat the award as if it were a final judgment of the courts of a constituent state." *Id.* art. 54(1).

In the United States, the obligation to enforce ICSID awards is codified at 22 U.S.C. § 1650a, which provides that "pecuniary obligations imposed by [an ICSID] award shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." "Confirmation is the process by which an arbitration award is converted to a legal judgment." *LLC SPC Stileks v. Republic of Moldova*, 985 F.3d 871, 875 (D.C. Cir. 2021). Only once an award is confirmed can the prevailing party seek to execute on the resulting judgment "by, for example, attaching [the sovereign's] commercial assets in the United States." *Id.*

B. **Factual Background**

In 2007, after Spain enacted legislation that attracted investments in renewable energy production through various financial incentives, 9Ren invested €211 million in solar power

projects in Spain.  Award ¶¶ 8, 95, 127, 300, ECF No. 1-1 ("Award").  Spain later repealed that legislation, eliminating the financial incentives that had led 9Ren to invest in the projects.  *Id.* ¶¶ 307, 311.  Because these investments were protected under the ECT, ECT art. 26(4), 9Ren requested arbitration by an ICSID tribunal, arguing that Spain's actions "constitute[d] serious and repeated breaches of the protections accorded" by the ECT.  Request for Arb. ¶ 44, ECF No. 1-4.  Spain objected, arguing that the tribunal lacked jurisdiction because "Article 26 of the ECT does not apply to disputes between an" European Union ("EU") "Member State and investors of another EU Member State."  Mot. to Dismiss for Lack of Jurisdiction at 13, ECF No. 11-1; Award ¶¶ 142–44, 148.

On May 31, 2019, the ICSID tribunal issued an award in 9Ren's favor, finding that Spain had breached its duty under the ECT and ordering Spain to pay €41.76 million in damages plus interest and costs.  Award ¶¶ 449(3)–(4).  The next month, Spain submitted a Request for Rectification of the Award based on alleged clerical errors in the tribunal's calculation.  Ex. 2, ECF No. 11-8.  The ICSID tribunal denied that request on December 6, 2019.

While the ICSID proceedings were ongoing, on June 25, 2019, 9Ren petitioned this court under 22 U.S.C. § 1650a to enforce and confirm its award.

**C. Procedural History**

On January 15, 2020, Spain moved to dismiss this case, or, in the alternative, to stay the matter pending ICSID annulment proceedings.  ECF No. 11-1.  9Ren cross-moved for judgment on the pleadings.  ECF No. 14.  On September 30, 2020, this court stayed the case.  ECF No. 21.  Meanwhile, Spain filed suit in Luxembourg court, "seeking, among other things, to enjoin [9Ren] under EU law from proceeding with their petitions in the United States (a so-called anti-suit injunction)."  *NextEra Energy Glob. Holdings B.V. v. Kingdom of Spain*, 112 F.4th 1088, 1098 (D.C. Cir. 2024).

On December 7, 2022, when this court lifted the stay, 9Ren moved to preliminarily enjoin Spain from seeking any relief in foreign tribunals, arguing that this court had jurisdiction under the FSIA's waiver and arbitration exceptions. ECF No. 46. On February 15, 2023, this court granted 9Ren's motion. ECF Nos. 84–85. Spain appealed. ECF No. 87.

On August 16, 2024, the D.C. Circuit affirmed that this court had jurisdiction but reversed this court's judgment that Spain was precluded from seeking relief in the Luxembourg courts. *NextEra*, 112 F.4th at 1111. On December 17, 9Ren moved for summary judgment to enforce its arbitral award. ECF No. 92. On December 30, Spain, rather than oppose 9Ren's motion, moved to stay the case so that it could petition the Supreme Court for certiorari to contest the Circuit's jurisdictional holding. ECF No. 95. This court denied that request on January 30, 2025. Jan. 30, 2025 Min. Order.

## II. ANALYSIS

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Spain argues that the ICSID award is not entitled to full faith and credit because the arbitrators lacked jurisdiction, as Spain "never agreed to arbitrate anything with Petitioners." Mem. of L. in Opp'n to Pet'r Mot. for Summ. J. at 15, ECF No. 102 ("Opp'n"). Alternatively, it contends that the foreign sovereign compulsion doctrine independently bars enforcement of the ICSID award. *Id.* at 22–24. 9Ren responds that Spain is attempting to "relitigate its EU-law arguments," which is prohibited under 22 U.S.C. § 1650a(a), because those arguments "fall under the exclusive authority of the ICSID tribunal." Mot. for Summ. J. at 7, ECF No. 92-1 ("Mot.").

### A. Full Faith and Credit

The D.C. Circuit has held that "the full faith and credit obligation owed final judgments 'precludes any inquiry into the merits of the cause of action, the logic or consistency of the

decision, or the validity of the legal principles on which the judgment is based.'" *Valores Mundiales, S.L. v. Bolivarian Republic of Venezuela*, 87 F.4th 510, 519 (D.C. Cir. 2023) (quoting *Milliken v. Meyer*, 311 U.S. 457, 462 (1940)). "[A] court may not deny a judgment full faith and credit because 'it disagrees with the reasoning underlying the judgment or deems it to be wrong on the merits.'" *Id*. (quoting *V.L. v. E.L.*, 577 U.S. 404, 407 (2016) (per curiam)). While a court must "do more than rubber stamp" the ICSID award, to find that the award merits full faith and credit, the court need only assure itself (1) "that it has subject-matter and personal jurisdiction," (2) "that the award is authentic," and (3) "that its enforcement order tracks the award." *Tethyan Copper Co. Pty Ltd. v. Islamic Republic of Pakistan*, 590 F. Supp. 3d 262, 268 (D.D.C. 2022).

The D.C. Circuit affirmed that this court had subject matter jurisdiction. *NextEra*, 112 F.4th at 111. Because personal jurisdiction in FSIA cases "exists for every claim over which the court has subject matter jurisdiction," *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 89 (D.C. Cir. 2002); *see* 28 U.S.C. § 1330(b), and service was proper, the court also has personal jurisdiction over Spain. And as the court already determined, no dispute exists as to whether 9Ren's award is authentic or consistent—it seeks to confirm the same amount that it was awarded by the ICSID tribunal: €41.76 million, plus interests and costs. *9Ren I*, 2023 WL 2016933 at *10. 9Ren's arbitral award is therefore entitled to full faith and credit.

Spain's primary argument in opposition, which is best categorized as a challenge to the first jurisdictional prong of the three-part confirmation test, is unpersuasive. Opp'n at 14–17. Although Spain maintains that the ICSID arbitrators lacked jurisdiction, it cannot succeed on the merits by "recycl[ing] a losing jurisdictional argument" that ICSID previously considered and rejected. *Tethyan*, 590 F. Supp. 3d at 276. The terms of the ICSID Convention bar United States courts from examining "the ICSID tribunal's jurisdiction to render the award." *Mobil Cerro Negro*

*v. Bolivarian Republic of Venezuela*, 863 F.3d 96, 102 (2d Cir. 2017). Moreover, "a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Durfee v. Duke*, 375 U.S. 106, 111 (1963). The ICSID tribunal considered Spain's jurisdictional arguments previously and rejected them. Award ¶¶ 15–18. Those arguments were therefore "fully and fairly litigated." *Durfee*, 375 U.S. at 111. Because this court has determined that the FSIA does not bar its jurisdiction and that it has personal jurisdiction, the first confirmation prong is satisfied.

Spain also argues that the Circuit did not take a "position on the ultimate enforceability of the[] [arbitral] award[]" and that it declined to "address the merits question whether [the ECT's] arbitration provision extends to EU nationals and thus whether Spain ultimately entered into legally valid agreements with the companies." Opp'n at 1 (quoting *NextEra*, 112 F.4th at 1105). But federal law instructs that "pecuniary" awards rendered pursuant to the ICSID Convention "shall be enforced and shall be given the same full faith and credit as if the award were a final judgment of a court of general jurisdiction of one of the several States." 22 U.S.C. § 1650a(a). Therefore, the fact that the Circuit did not address the merits does not preclude this court from following Congress's directive to confirm the award if it is entitled to full faith and credit, as is the case here.

### B. Foreign Sovereign Compulsion Doctrine

Alternatively, Spain contends that the court is barred from enforcing 9Ren's arbitral award under the foreign sovereign compulsion doctrine and "the principles of comity that underlie it." Opp'n at 22. The court previously rejected this identical argument, albeit in a preliminary posture. *9Ren I*, 2023 WL 2016933, at *11. But after this court's initial determination, each court in this district that has considered a similar argument has agreed that the doctrine is inapplicable as

applied to these ICSID arbitral awards. *See Blasket Renewable Invs. v. Kingdom of Spain*, No. 23-cv-2701, 2024 WL 4298808, at *13 (D.D.C. Sep. 26, 2024); *Infrastructure Servs. Luxembourg S.A.R.L. v. Kingdom of Spain*, No. 18-cv-1753, 2025 WL 2320406, at *6 (D.D.C. Aug. 12, 2025); *Blasket Renewable Invs. v. Kingdom of Spain*, No. 20-cv-817, 2025 WL 2336428, at *8–10 (D.D.C. Aug. 13, 2025); *Cube Infrastructure Fund SICAV v. Kingdom of Spain*, No. 20-cv-1708, 2025 WL 2374517, at *3 (D.D.C. Aug. 14, 2025). Because Spain offers no basis for the court to reverse its previous determination, it will not disturb its prior opinion rejecting this argument. *See Morris v. Wheeler*, No. 11-cv-701, 2019 WL 589733, at *1 (D.D.C. Feb. 13, 2019) (refusing to "disturb its prior Opinion" when a party repeated an argument previously rejected).

### III. CONCLUSION

For the foregoing reasons, 9Ren's Motion for Summary Judgment, ECF No. 92-1, is GRANTED. The parties are directed to file a joint proposed final judgment by October 31, 2025. A separate Order shall promptly follow.

Date: September 29, 2025

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge